UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SHIRL JEAN KOBOLD,

                    Plaintiff,

          v.

CAROLYN W. COLVIN, Acting
Commissioner of the Social Security
Administration[1],

                    Defendant.

CASE NO. 12-cv-5137-JRC

ORDER ON PLAINTIFF'S
COMPLAINT

This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and

Local Magistrate Judge Rule MJR 13 (*see also* Notice of Initial Assignment to a U.S.

Magistrate Judge and Consent Form, ECF No. 5; Consent to Proceed Before a United

States Magistrate Judge, ECF No. 8). This matter is before the Court on plaintiff's

_____

          [1] Carolyn W. Colvin became the Acting Commissioner of the Social Security
Administration on February 14, 2013.  Pursuant to Rule 25(d) of the Federal Rules of Civil
Procedure, Carolyn W. Colvin should be substituted for Michael J. Astrue as the defendant in
this suit.

ORDER ON PLAINTIFF'S COMPLAINT - 1

Motions to Remand pursuant to sentence six of 42 U.S.C. § 405(g) and to Supplement the Record, and has been fully briefed (*see* ECF Nos. 22, 23, 24).

In this matter, plaintiff questions the correctness and supportability of a decision in which an ALJ found that plaintiff was not disabled as defined in the Social Security Act from September 1, 2005 through December 14, 2011 (*see* Opening Brief, ECF No. 13; Tr. 323-24). Plaintiff requests that this Court remand this matter for further consideration to the Commissioner of the Social Security Administration in order that new evidence be taken into the record and evaluated (*see* Motions to Remand Pursuant to Sentence 6 of 42 U.S.C. 406 and to Supplement the Record, ECF No. 22). The new evidence that plaintiff claims is material to the decision that she was not disabled from September 1, 2005 through December 14, 2011, is a decision that she was disabled as defined in the Social Security Act beginning on December 15, 2011, as found by a different Administrative Law Judge for the Social Security Administration.

A subsequent determination resulting in a finding of disability does not constitute necessarily new and material evidence justifying a remand pursuant to sentence six of 42 U.S.C. § 406. However, in the matter before the Court, where the new finding of disability begins the day after the finding of no disability, there is a reasonable possibility that the fact that plaintiff was disabled as defined in the Social Security Act as of December 15, 2011 would have changed the decision by ALJ Elliot that plaintiff was not disabled on December 14, 2011.

Because it is not clear whether or not the subsequent decision finding disability is relevant to the earlier determination finding no disability, the Court concludes that the

subsequent decision by the Social Security Administration is new evidence material to the earlier determination.

Therefore, this matter regarding the earlier (December 14, 2011) determination, by ALJ Elliot shall be remanded pursuant to sentence six of 42 U.S.C. § 405(g) to the Commissioner for further consideration.

BACKGROUND

Plaintiff, SHIRL JEAN KOBOLD, was born in 1959 and was forty-six years old on her alleged date of disability onset of September 1, 2005 (*see* Tr. 94). She had at least the severe impairments of major depressive disorder and borderline personality traits (*see* Tr. 10).

PROCEDURAL HISTORY

After plaintiff's July 21, 2008 applications for a period of disability and disability benefits ("DIB") pursuant to Title II and for supplemental security income ("SSI") pursuant to Title XVI of the Social Security Act were denied initially in October, 2008 and following reconsideration in January, 2009, plaintiff was provided an administrative hearing in July, 2009 (*see* Tr. 19-48, 53-56, 59-62, 94-104).  The July 31, 2009 final administrative decision by Administrative Law Judge M.J. Adams ("ALJ Adams") on plaintiff's applications, was reversed by this Court on May 11, 2011, based on plaintiff's August, 2010 complaint and briefs by the parties (*see* Tr. 5-18, 378-88; *see also* Tr. 94-104).

Plaintiff's next hearing was held before Administrative Law Judge Gary Elliot ("ALJ Elliot") on December 1, 2011 (*see* Tr. 361-77). On December 14, 2011, ALJ Elliot

1  issued an unfavorable written decision, which is the administrative decision subject to

2  judicial review by this Court at this time, *see infra*, section 1, in which he concluded that

3  plaintiff was not disabled (*see* Tr. 324). *See also* 20 C.F.R. § 404.984(d). Plaintiff filed a

4  complaint in this Court seeking judicial review of ALJ Elliot's December 14, 2011

5  written decision in February, 2012 (*see* ECF No. 1, 3). Defendant filed the sealed

6  administrative record regarding this matter ("Tr.") on April 27, 2012 (*see* ECF Nos. 10,

7  12).

8        Subsequent to filing her Opening Brief, (*see* ECF No. 13), plaintiff also filed

9  motions to remand this matter pursuant to sentence six due to new evidence and to

10  supplement the record with said new evidence (*see* ECF No. 22). This new evidence

11  consists of a written decision issued on November 20, 2012 by Administrative Law Judge

12  Michael C. Blanton ("ALJ Blanton") on a subsequent Social Security application by

13  plaintiff, (*see* ECF No. 22, pp. 5-10, *i.e.*, "Exhibit A-1"). ALJ Blanton concluded that

14  plaintiff was disabled pursuant to the Social Security Act beginning on December 15,

15  2011 -- one day after ALJ Elliot concluded (in the written decision subject to this Court's

16  review) that plaintiff was not disabled pursuant to the Social Security Act from

17  September 1, 2005 through December 14, 2011 (*see id.*, p. 9; *see also* Tr. 323-24).

18                                    STANDARD OF REVIEW

19

20        Plaintiff requests that this Court remand this matter pursuant to sentence six of 42

21  U.S.C. § 405(g), which provides in relevant part:

22

23

24

The court  . . . .  may at any time order additional evidence to be taken before the commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding  . . . .

42 U.S.C. § 405(g).

The good cause requirement is satisfied when new evidence, which surfaces after the final decision subject to judicial review, could not have been obtained by plaintiff in order to be reviewed at the time of the administrative proceeding. *See Key v. Heckler*, 754 F.2d 1545, 1551 (9th Cir. 1985) (*citing Booz v. Comm. Soc. Sec.*, 734 F.2d 1378, 1380 (9th Cir. 1984)).

<u>DISCUSSION</u>

1. **The Court has jurisdiction over this matter**.

Defendant argues that this Court does not have jurisdiction over plaintiff's subsequent application and ALJ Blanton's November 20, 2012 written decision on that application (*see* Response, ECF No. 23, p. 3 ("The Court has no jurisdiction over the subsequent case")). The Court agrees. Nothing in this Order is intended by this Court to affect ALJ Blanton's November 20, 2012 written decision in any way. Plaintiff has not requested that this Court review the correctness of ALJ Blanton's November 20, 2012 written decision.

However, this Court does have jurisdiction over ALJ Elliot's December 14, 2011 written decision on plaintiff's previous applications, as implied by Defendant's failure to challenge jurisdiction and by his filing of an Answer and a Response to plaintiff's Opening Brief requesting reversal of this December 14, 2011 decision (*see* Tr. 308-24;

1  *see also* ECF Nos. 9, 20). Defendant acknowledged that this Court had jurisdiction over

2  this matter in his Answer (*see* ECF No. 9, p. 1). Defendant also acknowledged

3  jurisdiction in this matter when he stated that there was "no evidence in the record that

4  Plaintiff filed written exceptions or that the Appeals Council reviewed the ALJ decision

5  on its own, and Plaintiff timely filed a civil action (*see* Response to Opening Brief, ECF

6  No. 20, p. 3). Defendant continued in his Response, noting that ALJ Elliot's written

7  "decision of December 14, 2011, was the Commissioner's final decision that is subject to

8  judicial review" (*see id.* (*citing* Tr. 308-24; 20 C.F.R. §§ 404.984, 416.1484, 422.210)).

9  As cited by defendant in his Response to plaintiff's Opening Brief (*see* Response to

10 Opening Brief, ECF No. 20, p. 3), federal regulations regarding remand from a federal

11 court and a subsequent administrative law judge decision govern in this particular

12 situation before the Court herein.

13

14      According to relevant federal regulations, after remand from a federal court and a

15 subsequent new written decision by an administrative law judge, if "no exceptions are

16 filed and the Appeals Council does not assume jurisdiction of [a claimant's] case, the

17 decision of the administrative law judge becomes the final decision of the Commissioner

18 after remand. *See* 20 C.F.R. § 404.984(d).

19

20      Therefore, after this Court remanded the matter of the final (July 31, 2009)

21 decision by the Commissioner of Social Security on plaintiff's July 21, 2008 applications

22 and after ALJ Elliot issued a new written decision on December 14, 2011, as no

23 exceptions were filed and as the Appeals Council did not assume jurisdiction of

24 plaintiff's July 21, 2008 applications, the December 14, 2011 written decision by ALJ

Elliot became the final decision of the Commissioner regarding the period of time between September 1, 2005 and December 14, 2011, subject to this Court's review. *See id.*

Defendant also presents an argument regarding the multiple Social Security applications of plaintiff and how the existence thereby was an error in the case (*see* Response, ECF No. 23, p. 5 ("claimants 'generally  .  .  .  .  will no longer be allowed to have two claims for the same type of benefits pending at the same time") (*citing* SSR 11-1p). However, there is no reference or rule cited by defendant indicating that such an error dictates the outcome of the matter herein. In fact, defendant's citations regarding this policy change by the Social Security Administration about multiple applications do more to promote plaintiff's ultimate argument in the motion considered herein than they do to support the position of defendant (*see id.*). As quoted by defendant, and noted in Social Security Ruling ("SSR") 11-1p: "When two disability claims under the same title and type are pending at the same time, there can be conflicting decisions *that we must then reconcile.*" SSR 11-1p at *2, 2011 WL 3962767 at *2 (emphasis added).

Here, that is exactly what appears to have occurred, and the potentially conflicting decisions by different ALJs of the Social Security Administration now must be reconciled, regardless of whether or not SSR 11-1p applies in this particular factual circumstance herein. *See id.*  Since the subsequent ALJ decision finding disability is not subject to this Court's jurisdiction, then it remains to be determined if the prior ALJ's decision finding no disability can be reconciled.

1    Defendant argues that the Court should honor the note by ALJ Blanton regarding

2    the fact that he was not going to "invade the prior December 14, 2011 decision" due to

3    the principle of *res judicata* (*see* ECF No. 23, pp. 5-6). However, the Court is not

4    persuaded by defendant's argument. If defendant intends to argue that this Court should

5    do what ALJ Blanton did, and apply *res judicata* to ALJ Elliot's decision, this argument

6    has little merit as it is this Court's obligation to review ALJ Elliot's decision to determine

7    whether or not it is supported by substantial evidence and without harmful legal error.

8    *See* 42 U.S.C. § 405(g); *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005)

9    (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)); *see also Bruce v. Astrue*, 557

10   F.3d 1113, 1115 (9th Cir. 2006) (the Court "'must independently determine whether [or

11   not] the Commissioner's decision is (1) free of legal error and (2) is supported by

12   substantial evidence.'") (*citing Moore v. Comm'r of the Soc. Sec. Admin.*, 278 F.3d 920,

13   924 (9th Cir. 2002)); *Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996).

14

15   If defendant asks that this Court allow ALJ Elliot's decision to stand because ALJ

16   Blanton chose to leave it undisturbed, the Court declines such a request. This especially is

17   the case as ALJ Blanton explicitly chose not to evaluate the correctness of the decision by

18   ALJ Elliot, and only reached a decision regarding the time period beginning the day after

19   ALJ Elliot's decision (*see* ECF No. 22, p. 5 n.1). This argument appears to be that

20   because ALJ Blanton applied *res judicata* to ALJ Elliot's decision, that this Court should

21   not review ALJ Elliot's decision. Although ALJ Blanton chose to apply *res judicata* to

22   ALJ Elliot's decision, this Court will not do likewise, as this Court is charged with the

responsibility of reviewing the correctness of that decision and *res judicata* does not

apply in this instance.

If, instead, defendant intends to argue that this Court should apply *res judicata* not

to ALJ Elliot's decision, but to ALJ Blanton's decision, ALJ Blanton's decision is not

before this Court. This Court is without jurisdiction over ALJ Blanton's decision and

makes no ruling regarding the correctness or lack of correctness of ALJ Blanton's

decision. The court cannot imagine that defendant is arguing that this Court should apply

*res judicata* to ALJ Blanton's decision, and then thereby credit fully and adopt ALJ

Blanton's decision without further adjudication to ALJ Elliot's decision, as this would

result in an immediate award of benefits.  This, too, is not an appropriate conclusion

because there may be relevant distinctions to be drawn between the time periods in

question.  Therefore, the Court declines to apply ALJ Blanton's decision as *res judicata*,

as well.

> 2. **Good cause exists for plaintiff's failure to bring the subsequent decision by ALJ Blanton to the attention of ALJ Elliot before ALJ Elliot issued his written decision.**

Here, the alleged new evidence consisting of ALJ Blanton's November 20, 2012

written decision did not exist prior to ALJ Elliot's December 14, 2011 written decision. It

could not have been obtained by plaintiff in order to be reviewed at the time of the

relevant administrative proceeding. Therefore, the Court concludes that the good cause

requirement is satisfied. *See Key v. Heckler*, 754 F.2d 1545, 1551 (9th Cir. 1985) (*citing*

*Booz v. Comm. Soc. Sec.*, 734 F.2d 1378, 1380 (9th Cir. 1984)).

3. **ALJ Blanton's November 20, 2012 written decision is material to ALJ Elliot's December 14, 2011 written decision, therefore, this matter shall be remanded pursuant to sentence six of 42 U.S.C. § 405(g).**

New evidence is material if it bears "directly and substantially" on the disputed issue and if there is a "reasonable possibility that the new evidence would have changed the outcome of the Secretary's determination had it been before him." *See Booz v. Sec. Health & Human Servs*, 734 F.2d 1378, 1380-81 (9th Cir. 1983) (*quoting Ward v. Schweiker*, 686 F.2d 762, 764 (9th Cir. 1982) (*citing Carter v. Schweiker*, 649 F.2d 937, 942 (2d. Cir. 1981); *Dorsey v. Heckler*, 702 F.2d 597, 604-05 (5th Cir. 1983)) (emphasis added in *Booz*). In adopting this standard, established by the Fifth Circuit, the Ninth Circuit explicitly declined to adopt the stricter standard with respect to the Fourth and Tenth Circuits' rules. *See id.* The Ninth Circuit reasoned that "the materiality of new evidence should not be tested as strictly in the administrative, as in the judicial context," and declined to adopt a test requiring a party to demonstrate that the new evidence "would have affected the trial result," adopting instead the "reasonable possibility" test. *Id.* (*citing* Fed. R. Civ. P. 60(b)) (other citations omitted).

Here, the Court concludes that the second decision that plaintiff was disabled on December 15, 2011 bears "directly and substantially" on the disputed issue of whether or not she was disabled on December 14, 2011 (and previously). As noted in a recent district court case in this circuit, it "is undisputed in this Circuit that a second ALJ's decision may constitute new and material evidence warranting remand of the first ALJ's

1    decision." *Bagley v. Astrue*, 2012 WL 3537029, 2012 U.S. Dist. LEXIS 114624 at *9-*10

2    (N.D. Cal. 2012) (unpublished opinion).

3         In *Bagley*, the district court discussed a Ninth Circuit case, *Luna v. Astrue*, 623

4    F.3d 1032 (9th Cir. 2010), and found that the Ninth Circuit had "endorsed 'the

5    proposition that, 'in certain circumstances, an award based on an onset date coming in

6    immediate proximity to an earlier denial of benefits is worthy of further administrative

7    scrutiny to determine whether [or not] the favorable event should alter the initial,

8    negative outcome on the claim." *Bagley v. Astrue*, 2012 WL 3537029, 2012 U.S. Dist.

9    LEXIS 114624 at *9-*10 (N.D. Cal. 2012) (*quoting Luna v. Astrue*, 623 F.3d 1032,

10   1034-35 (9th Cir. 2010) (*quoting Bradley v. Barnhard*, 463 F.Supp.2d 577, 580-81 (S.D.

11   W. Va. 2006)).

12

13        Plaintiff argues that ALJ Blanton's written decision warrants a remand of ALJ

14   Elliot's written decision, pursuant to *Luna, supra*, 623 F.3d 1032. However, defendant

15   correctly points out that *Luna* is distinguishable from the present matter herein. *See id*. In

16   *Luna*, the district court had ordered remand of an initial ALJ determination finding that a

17   claimant was not disabled, because of the new and material evidence consisting of a

18   second ALJ determination finding that the claimant was disabled the day after the initial

19   unfavorable decision. *See id.* at 1033. Although this factual background is very similar to

20   the case herein, *Luna* is distinguishable because in *Luna*, "before the district court, the

21   parties agreed that the case should be remanded to the agency to reconcile the denial of

22   benefits based on Luna's first application with the grant of benefits based on her second

23   application, but they did not agree on the terms of the remand." *Id.* at 1034. Here, the

main issue presented in the motions before this Court was agreed to in *Luna*, and hence, *Luna* is not identical. *See id.* However, the Court finds that the reasoning in the dicta of *Luna* is persuasive regarding the materiality of a subsequent ALJ decision.

. The *Luna* court discussed a district court case from another circuit in which it was held that an ALJ's award of benefits less than a week after a previous unfavorable ALJ decision constituted "new and material evidence." *See id.* at 1034-35 (*quoting Reichard v. Barnhart*, 285 F.Supp.2d 728, 734 (S.D. S. Va. 2003)).  The Ninth Circuit assessed that *Reichard* "stands for the proposition that, 'in certain circumstances, an award based on an onset date coming in immediate proximity to an earlier denial of benefits is worthy of further administrative scrutiny to determine whether [or not] the favorable event should alter the initial, negative outcome on the claim.'" *Id.* (*quoting Bradley v. Barnhart*, 463 F.Supp.2d 577, 580-81 (S.D. W. Va. 2006) ("emphasizing the 'tight timeline' from the denial of benefits to the grant of benefits")). The Ninth Circuit in *Luna* indicated agreement with this proposition. *Id.* at 1035. The *Luna* court reasoned that "[t]he 'reasonable possibility' that the subsequent grant of benefits was based on new evidence not considered by the ALJ as part of the first application indicates that further consideration of the factual issues is appropriate to determine whether [or not] the outcome of the first application should be different." *Id.* (*citing Booz, supra*, 734 F.2d at 1380-81).

This Court agrees with the Ninth Circuit's reasoning in dicta, and agrees with the proposition that in some circumstances, an award of Social Security benefits with an onset date in immediate proximity to an earlier denial of benefits "is worthy of further

administrative scrutiny" to determine whether or not the subsequent favorable decision

should alter the initial, unfavorable decision on a similar application for benefits. *See id.*;

*see also Bradley*, *supra*, 463 F.Supp.2d at 580-81. Here, the award of Social Security

benefits had an onset date on the day after the unfavorable decision subject to this Court's

review.

Defendant urges the Court instead to follow a Ninth Circuit case that this Court,

however, finds distinguishable. *See Bruton v. Massanari*, 268 F.3d 824, 827 (9th Cir.

2001). Like the case in *Luna*, the matter here is distinguishable from *Bruton*, because

*Bruton* was "a case where an initial denial and subsequent award were easily reconcilable

on the record before the court." *See Luna*, *supra*, at 1035 (*citing Bruton, supra*, 268 F.3d

at 827). The Ninth Circuit noted parenthetically that in *Bruton*, the "second application

involved different medical evidence, a different time period, and a different age

classification." *Id.* Here, although the second written decision and applications

technically involved a different time period, the time period of the second decision

applies to the period of time beginning the day after the time period adjudicated in the

first written decision. *See id.* Also as in *Luna*, here, it is not certain that the two decisions

by ALJs Elliot and Blanton are reconcilable based on a difference of one day and medical

evidence that theoretically may apply to plaintiff's disability status as of December 15,

2011 yet be irrelevant to plaintiff's disability status as of December 14, 2001. *See id.* The

Ninth Circuit concluded in *Luna* that, given that uncertainty, which also exists in the

matter before the Court herein, "remand for further factual proceedings was an

appropriate remedy." *Id.* (*citing Am. Bird Conservancy v. F.C.C.*, 545 F.3d 1190, 1195

n.3 (9th Cir. 2008). Here, given that there is uncertainty about whether or not ALJ Blanton's decision and ALJ Elliot's decision are reconcilable or inconsistent, and given the context of ALJ Blanton's opinion of disability as of the date after ALJ Elliot's opinion of no disability, this matter likewise should be remanded for further factual proceedings. *See id.*

CONCLUSION

Based on the stated reasons and the relevant record, the Court **ORDERS** that this matter be **REMANDED** pursuant to sentence six of 42 U.S.C. § 405(g) to the Commissioner for further consideration.

The case should **not** be closed, as this Court retains jurisdiction of this action pending further administrative development of the record. *See* 42 U.S.C. § 405(g); *see also Shalala v. Schaefer*, 509 U.S. 292, 297-300 (1993).

After remand, the record should be supplemented to include ALJ Blanton's November, 2012 written decision finding plaintiff disabled as of December 15, 2011. Regarding ALJ Elliot's December 14, 2011, written decision, following remand of this matter, the Commissioner of Social Security shall modify or affirm the Commissioner's findings of fact or the Commissioner's decision, or both, and shall file with the Court any such additional or modified findings of fact and decision. If the outcome still is not fully favorable to plaintiff, the Commissioner shall file with the Court a transcript of the additional record and testimony on which the Commissioner's action in modifying or affirming is based, and plaintiff may seek judicial review by reinstating this case rather than by filing a new complaint.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

        If the decision is not fully favorable to plaintiff, the ALJ assigned to this matter

following remand should explain the potential inconsistency between the finding that

plaintiff was not disabled through December 14, 2011 by ALJ Elliot and the finding by

ALJ Blanton that she was disabled as of December 15, 2011.

        If the outcome is fully favorable to plaintiff, the parties shall move this Court for

entry of Judgment.


        Dated this 21st day of February, 2013.


                                        J. Richard Creatura
                                        United States Magistrate Judge