UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SHIRL JEAN KOBOLD,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>CAROLYN W COLVIN, Acting Commissioner of the Social Security Administration,<br><br>　　　　　　Defendant. | CASE NO. 12-cv-05137 JRC<br><br>ORDER GRANTING MOTION FOR ATTORNEY'S FEES PURSUANT TO 42 U.S.C. § 406(b) |

　　　　This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local Magistrate Judge Rule MJR 13 (*see also* Notice of Initial Assignment to a U.S. Magistrate Judge and Consent Form, ECF No. 5; Consent to Proceed Before a United States Magistrate Judge, ECF No. 8). This matter is before the Court on plaintiff's Motion for Attorney's Fees Pursuant to 42 U.S.C. § 406(b) (*see* ECF No. 31; *see also* ECF No. 32). Defendant has no objection to plaintiff's request (*see* ECF No. 33).

　　　　For the reasons discussed herein, plaintiff's motion for attorney's fees should be granted in the amount of $12,645.22 pursuant to 42 U.S.C. 406(b).

1  STANDARD

2      The Court may allow a reasonable fee for an attorney who represented a Social Security

3  Title II claimant before the Court and obtained a favorable judgment, as long as such fee is not in

4  excess of 25 percent of the total of past-due benefits. *See* 42 U.S.C. § 406(b)(1); *Grisbrecht v.*

5  *Barnhart*, 535 U.S. 789 (2002). When a contingency agreement applies, the Court will look first

6  to such agreement and will conduct an independent review to assure the reasonableness of the

7  fee requested, taking into consideration the character of the representation and results achieved.

8  *See Grisbrecht, supra*, 535 U.S. at 807, 808 (footnote omitted) (citations omitted). Although the

9  fee agreement is the primary means for determining the fee, the Court will adjust the fee

10  downward if substandard representation was provided, if the attorney caused excessive delay, or

11  if a windfall would result from the requested fee. *See Crawford v. Astrue*, 586 F.3d 1142, 1151

12  (9th Cir. 2009) (*citing Grisbrecht, supra*, 535 U.S. at 808).

13  DISCUSSION

14      Here, the Court concludes that the representation was standard, at least, and the results

15  achieved excellent (*see* ECF No. 31, p. 1-2; fn. 1). *See Grisbrecht, supra*, 535 U.S. at 808.

16      Plaintiff's total back payment was $80,434.80 (*see id.*). Plaintiff has moved for a net

17  attorney's fee of $20,108.70 (*see* Motion, ECF No. 31, p. 1), and the Court has considered the

18  EAJA award received by plaintiff's attorney in the amount of $7,463.48; and plaintiff's gross

19  attorney's fee of $12,645.22 (*see id.*).  *See* 31 U.S.C. §§ 3711(a), 3716(a); *Astrue v. Ratliff*, 130

20  S.Ct. 2521, 2524, 2010 U.S. LEXIS 4763 at ***6-***7 (2010); *see also Parish v. Comm'r. Soc.*

21  *Sec. Admin.*, 698 F.3d 1215, 1221 (9th Cir. 2012).

22      The Court finds the amount requested reasonable.

23

24

ORDER GRANTING MOTION FOR
ATTORNEY'S FEES PURSUANT TO 42 U.S.C. §
406(B) - 2

1  In addition, the attorney did not cause excessive delay, and a windfall would not result
2  from the requested fee. *See Crawford v. Astrue*, 586 F.3d 1142, 1151 (9th Cir. 2009) (*citing*
3  *Grisbrecht, supra*, 535 U.S. at 808).

4  Therefore, for the reasons discussed, and based on plaintiff's motion and supporting
5  documents (*see* ECF Nos. 31, 32) and the relevant record, and with no objection from defendant
6  (ECF No. 33), it is hereby ORDERED that attorney's fees in the amount of $12,645.22 be
7  awarded to plaintiff's attorney pursuant to 42 U.S.C. § 406(b).

8  Defendant shall release the fee of $12,645.22 minus any applicable processing fee to
9  plaintiff's attorney, Rosemary B. Schurman, at 8123 NE 115 Way, Kirkland, WA 98034 or via
10 automatic deposit.

11 Dated this 7th day of March, 2014.

J. Richard Creatura
United States Magistrate Judge